FILED

SEP 11 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN DOE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Case: 1:07-cv-01613 |
| v. | § | Assigned To : Robertson, James |
| | § | Assign. Date : 9/11/2007 |
| UNNAMED LAW FIRM, | § | Description: Contract |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court is Defendant Robbins, Russell, Englert, Orseck & Untereiner LLP's ("Robbins") Motion to Stay Further Proceedings or to Transfer [5]. Because the Court concludes that the instant action for declaratory judgment is an improper anticipatory suit, the Court grants the motion and orders that this case be transferred to the District of Columbia.

### I. ORIGINS OF THE CASE

In 2004, Plaintiff Gary Kornman ("Kornman") retained Robbins, a Washington, DC law firm, to provide legal services. Robbins continued to represent Kornman until March 2006, when Kornman stopped paying his legal fees. In October and November 2006, Robbins sent written letters to Kornman demanding that he pay any outstanding legal fees by November 15, 2006.

On November 15, 2006, Kornman filed this action against Robbins in Texas state court under the heading *Doe v. Unnamed Law Firm*. In his Original Complaint, Kornman

ORDER – PAGE 1

Certified a true copy of an instrument
on file in my office on  9-6-07
Clerk, U.S. District Court,
Northern District of Texas
By_____ Deputy

1

alleges that Robbins performed a substantial amount of unnecessary legal services for which it demanded payment and seeks a declaratory judgment that the amounts demanded by Robbins are not due and owing. Additionally, Kornman requests an award of reasonable and necessary attorneys' fees and expenses incurred in seeking the declaratory relief. Kornman, however, did not attempt to serve Robbins the Complaint.

Unaware of the Texas lawsuit, Robbins continued to try to obtain payment of Kornman's outstanding legal fees. These attempts proved fruitless, and Robbins brought a federal diversity action in the District of Columbia to collect the unpaid legal fees in February 2007. Service upon Kornman was completed on April 25, 2007. The next day, Kornman filed his First Amended Petition in the Texas lawsuit and immediately served Robbins. Upon learning of the Texas lawsuit, Robbins removed the case to this Court on the basis of diversity jurisdiction. Robbins now moves to transfer this case to the District of Columbia, or alternatively, to stay it pending the resolution of Robbins's case in that court.

## II. COMPELLING CIRCUMSTANCES JUSTIFY DISREGARDING THE FIRST-TO-FILE RULE

Robbins urges the Court to transfer Kornman's declaratory action to the District of Columbia so that it may be handled along with the parallel litigation currently pending before that court. The parties agree that the two cases present substantially similar – if not identical – issues, and thus should not proceed concurrently in different courts. However, Kornman argues that the Court should deny Robbins's motion to transfer because Kornman filed the instant action first and, therefore, this Court has priority over the disputed issues.

ORDER – PAGE 2

Case 1:07-cv-01613-JR   Document 1   Filed 09/11/2007   Page 3 of 6
Case 3:07-cv-00354   Document 14   Filed 08/16/2007   Page 3 of 6

"The federal courts have long recognized that the principle of comity requires federal district courts . . . to exercise care to avoid interference with each other's affairs." *West Gulf Mar. Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728 (5th Cir. 1985). "As between federal district courts, the general principle is to avoid duplicative litigation." *Id.* (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). When two actions involving the same parties or issues are pending concurrently, courts in the Fifth Circuit follow the "first-to-file" rule, which provides that the court in which an action is first filed generally has priority. *See Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997); *West Gulf*, 751 F.2d at 730.

The "first-to-file" rule is not absolute, and courts do not apply the rule mechanically. Rather, the rule aids judicial administration by "acting as a presumption" that may be rebutted by a showing of compelling circumstances. *Reliance Ins. Co. v. Six Star, Inc.*, 155 F. Supp. 2d 49, 54 (S.D.N.Y. 2001); *see also Excel Music, Inc. v. Simone*, No. 95-3626, 1996 WL 5708, at *6 (E.D. La. Jan. 5, 1996) ("While Excel's suit may have technically been the 'first-filed' between these parties, the Court finds that there are 'compelling circumstances' present here that obviate the applicability of the first-filed rule."). Numerous courts have found such compelling circumstances when the plaintiff filed the first action in anticipation of subsequent litigation, especially when the action is one for declaratory judgment. *See, e.g., Amerada Petroleum Corp. v. Marshall*, 381 F.2d 661, 663-64 (5th Cir. 1967); *Excel Music, Inc.*, 1996 WL 5708, at *6; *909 Corp. v. Village of Bolingbrook Police Pension Fund*, 741 F. Supp. 1290, 1292-93 (S.D. Tex. 1990). Furthermore, the Court has discretion to

ORDER – PAGE 3

decline to exercise jurisdiction over declaratory judgment actions, and courts have done so when the plaintiff filed suit in anticipation of a substantially similar litigation in an another court. *See, e.g., Amerada*, 381 F.2d at 663.

The Court finds that compelling circumstances in this case call for setting aside the "first-to-file" rule. Kornman filed this declaratory judgment action after Robbins made several written demands for full payment of the unpaid legal fees. These letters demanded that Kornman pay the outstanding invoices by November 15, 2006 – the very day that Kornman filed the instant action. Robbins's written demands put Kornman on notice that Robbins intended to collect payment from Kornman and would likely pursue legal action if Kornman failed to pay his bills by the stated deadline. Thus, the timing of Kornman's filing suggests that this action is an improper anticipatory suit, intended to circumvent Robbins's choice of forum. *See Amerada*, 381 F.2d at 663 (affirming district court's dismissal of declaratory judgment action when the filing of the action was "triggered" by receipt of defendants' intent to sue letter); *Excel Music, Inc.*, 1996 WL 5708, at *6 (finding that plaintiff's declaratory judgment action constituted an anticipatory suit when filed one week after receipt of defendant's demand and intent to sue letter). This conclusion is buttressed by the fact that Kornman's First Amended Complaint seeks only a declaration that he is not liable to Robbins for the outstanding legal fees. *Cf. Ontel Prods., Inc. v. Project Strategies Corp.*, 899 F. Supp. 1144, 1152-53 (S.D.N.Y. 1995) (concluding that declaratory action was not an anticipatory suit when plaintiff "was genuinely pursuing relief beyond what [the defendant's] suit could be expected to encompass").

ORDER – PAGE 4

Kornman's delay in serving Robbins also indicates that Kornman filed this suit in anticipation of an action by Robbins. Although Kornman filed suit in November 2006, he did not attempt service upon Robbins until after Robbins filed suit in the District of Columbia. In fact, Kornman did not even notify Robbins that he filed suit, nor did he reveal the names of the parties, until after Robbins had him served. Kornman's failure to timely serve Robbins indicates that Kornman filed this suit not as an attempt to obtain affirmative relief, but rather to secure his choice of forum. This type of forum-shopping is highly disfavored. *See Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 602 n.3 (5th Cir. 1983) ("Anticipatory suits are disfavored because they are an aspect of forum-shopping.").

Kornman attempts to convince the Court to apply the first-to-file rule by characterizing his declaratory judgment action as one for malpractice. However, neither Kornman's Original Complaint nor his First Amended Complaint asserts a malpractice claim. Kornman does not allege that Robbins failed to meet professional standards or that he suffered damages as a result of Robbins's substandard representation;[1] rather, he alleges only that Robbins performed unnecessary, unrequested, or incomplete legal services and has demanded an unreasonable sum in attorneys' fees. Kornman asks the Court to excuse his failure to assert a malpractice claim, as well as to timely serve Defendants, because he was trying to preserve attorney-client privilege with respect to the underlying litigation in which

---

[1] Under Texas law, a plaintiff must prove the following elements to establish a malpractice claim: (1) the existence of a professional duty; (2) breach of that duty; (3) the breach proximately caused the plaintiff's injury; and (4) resulting damages. *Cosgrove v. Grimes*, 774 S.W.2d 662, 665 (Tex. 1989).

ORDER – PAGE 5

Robbins represented him. The Court is simply not persuaded by Kornman's arguments, and it will not construe Kornman's request for declaratory relief as a malpractice claim.

## CONCLUSION

The Court concludes that compelling circumstances preclude application of the "first-to-file" rule in this case. Accordingly, the Court grants Defendants' motion to transfer and orders transfer of this case to the District of Columbia.

Signed August 16, 2007.

*David C. Godbey*
David C. Godbey
United States District Judge

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
JOHN DOE

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

## DEFENDANTS
UNNAMED LAW FIRM

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT 88888
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Case: 1:07-cv-01613
Assigned To : Robertson, James
Assign. Date : 9/11/2007
Description: Contract

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES
(FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ☐ A. Antitrust
☐ 410 Antitrust

### ☐ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction
Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

**No Summons Issued**

| ☐ G. *Habeas Corpus/ 2255* | ☐ H. *Employment Discrimination* | ☐ I. *FOIA/PRIVACY ACT* | ☐ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ☐ K. *Labor/ERISA (non-employment)* | ☐ L. *Other Civil Rights (non-employment)* | ☒ M. *Contract* | ☐ N. *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☒ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☐ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☒ Transferred from another district (specify) *USDNDT (Dallas)*  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

*28 USC 1332*

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  ☐   DEMAND $   Check YES only if demanded in complaint   JURY DEMAND: ☐ YES  ☒ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)  ☐ YES  ☐ NO   If yes, please complete related case form.

DATE *9-11-07*   SIGNATURE OF ATTORNEY OF RECORD *NCD*

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

CLOSED, ECF, RAMIREZ, TDIS

# U.S. District Court
# Northern District of Texas (Dallas)
# CIVIL DOCKET FOR CASE #: 3:07-cv-00934
# Internal Use Only

Doe v. Unnamed Law Firm
Assigned to: Judge David C Godbey
Case in other court: 160th Judicial District Court of Dallas County TX, 06-11765
Cause: 28:1332 Diversity-Declaratory Judgement

Date Filed: 05/25/2007
Date Terminated: 08/16/2007
Jury Demand: None
Nature of Suit: 190 Contract: Other
Jurisdiction: Diversity

**Plaintiff**

**John Doe**   represented by   **Cole B Ramey**
Crouch & Ramey
1445 Ross Ave
Suite 3600
Dallas, TX 75202
214/922-7100
Fax: 214/922-7101 FAX
Email: cramey@crouchfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Unnamed Law Firm**   represented by   **Kiprian E Mendrygal**
Fish & Richardson
1717 Main St
Suite 5000
Dallas, TX 75201
214/747-5070
Email: mendrygal@fr.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul Edward Coggins**
Fish & Richardson
1717 Main St
Suite 5000
Dallas, TX 75201
214/747-5070
Fax: 214/747-2091 FAX

Certified a true copy of an instrument on file in my office on 9-6-07
Clerk, U.S. District Court,
Northern District of Texas
By _____ Deputy

Email: coggins@fr.com
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

Unnamed Law Firm

V.

**Counter Defendant**

John Doe

| Date Filed | # | Docket Text |
|---|---|---|
| 05/25/2007 | 1 | NOTICE OF REMOVAL from 160th Judicial District Court of Dallas County TX, case number 06-11765 filed by Unnamed Law Firm. (Filing fee $ 350; receipt number 11702) (axm) (Entered: 05/25/2007) |
| 05/25/2007 |  | ***Magistrate Judge Ramirez chosen by random selection to handle matters that may be referred in this case. (axm) (Entered: 05/25/2007) |
| 05/25/2007 |  | CERTIFICATE OF INTERESTED PERSONS by Unnamed Law Firm. (contained within notice of removal) (axm) (Entered: 05/25/2007) |
| 05/25/2007 | 2 | Standing Order Designating Case for ECF - see order for specifics. (Signed by Judge David C Godbey on 05/25/2007) (axm) (Entered: 05/25/2007) |
| 06/06/2007 | 3 | ANSWER to Complaint by Unnamed Law Firm, COUNTERCLAIM against John Doe filed by (Attachments: # 1 Exhibit A) (Mendrygal, Kiprian) (Entered: 06/06/2007) |
| 06/07/2007 | 4 | ORDER REQUIRING STATUS AND SCHEDULING CONFERENCE: The parties are directed to confer within 14 days of the date of this Order regarding the following matters, and report to the Court within 14 days after the conference the parties' position. (see order for specifics) (Signed by Judge David C Godbey on 6/7/07) (klm) (Entered: 06/07/2007) |
| 06/19/2007 | 5 | MOTION to Stay *Further Proceedings or Transfer* by Unnamed Law Firm with Memorandum in Support. (Attachments: # 1 Exhibit 5# 2 Exhibit 1# 3 Exhibit 2# 4 Exhibit 3# 5 Exhibit 4# 6 Exhibit 6) (Mendrygal, Kiprian) (Entered: 06/19/2007) |
| 06/19/2007 |  | MOTION to Transfer the Case by Unnamed Law Firm. (see doc. no. 5 for image) (klm) (Entered: 06/19/2007) |
| 06/29/2007 | 6 | MOTION to Dismiss by John Doe (Ramey, Cole) (Entered: 06/29/2007) |
| 06/29/2007 | 7 | Brief/Memorandum in Support filed by John Doe re 6 MOTION to Dismiss (Ramey, Cole) (Entered: 06/29/2007) |

| 06/29/2007 | 8 | CERTIFICATE OF INTERESTED PERSONS/DISCLOSURE STATEMENT by John Doe. (Ramey, Cole) (Entered: 06/29/2007) |
|---|---|---|
| 06/29/2007 | 9 | RESPONSE in Opposition filed by John Doe re 5 MOTION to Stay *Further Proceedings or Transfer* (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C) (Ramey, Cole) (Entered: 06/29/2007) |
| 07/03/2007 | 10 | STATUS REPORT -*Joint* by John Doe, Unnamed Law Firm. (Ramey, Cole) Modified on 7/20/2007 to add filer. (cxb). (Entered: 07/03/2007) |
| 07/16/2007 | 11 | REPLY MEMORANDUM filed by Unnamed Law Firm 5 MOTION to Stay Further Proceedings or Transfer by Unnamed Law Firm with Memorandum in Support. (Mendrygal, Kiprian) Modified on 7/17/2007 (jb). (Entered: 07/16/2007) |
| 07/19/2007 | 12 | RESPONSE in Opposition filed by Unnamed Law Firm re 6 MOTION to Dismiss *Defendant's Opposition to Plaintiff's Motion to Dismiss Counterclaims* (Mendrygal, Kiprian) (Entered: 07/19/2007) |
| 08/03/2007 | 13 | REPLY Memorandum in further support of filed by John Doe re 6 MOTION to Dismiss (Ramey, Cole) Modified on 8/6/2007 (lmp). (Entered: 08/03/2007) |
| 08/16/2007 | 14 | ORDER granting 5 Motion to Transfer Case out of District/Division. The Court grants Defendants' motion to transfer and orders transfer of this case to the District of Columbia. See order for specifics. (Signed by Judge David C Godbey on 8/16/07) (Attachments: # 1 Closure Sheet) (npk) (Entered: 08/16/2007) |
| 08/16/2007 |  | Interdistrict Transfer to District of Columbia. (npk) (Entered: 08/16/2007) |
| 08/17/2007 | 15 | Letter transferring case to the District of Columbia. (Mailed certified copy of docket sheet and Order Transferring Case, doc. no. 14.) (klm) (Entered: 08/17/2007) |

*UNITED STATES DISTRICT COURT*
*FOR THE DISTRICT OF COLUMBIA*

**JOHN DOE,**
       Plaintiff(s),

       vs.                       Civil Case No.  07-cv-01613-JR

**UNNAMED LAW FIRM**
       Defendant(s).

## NOTICE REGARDING EXHIBIT

Pursuant to the procedures for filing documents electronically, as outlined in the previous Order of the Court, this Notice serves as notification that the transfer documents in this case have been filed in paper form in a the Clerk's Office.  They are available for public viewing  and copying between the  hours of 9:00 a.m. and  4:00 p.m., Monday through Friday.

                                        **NANCY MAYER-WHITTINGTON**

                                        Clerk